(87 Misc. Rep. 420)

# HARBECK v. HARBECK.

(Supreme Court, Special Term, Rockland County.   October, 1914.)

1. CONTRACTS (§ 56*)—CONSIDERATION—MUTUAL PROMISES.
    Where plaintiff's father and H., jointly owning a fund subject to a third person's right to the income for life, agreed in writing that after such life tenant's death the income should be paid to plaintiff for his life, the promise of plaintiff's father to so pay the income was a good consideration for H.'s promise to the same effect.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 344, 349–353; Dec. Dig. § 56.*]

2. PLEADING (§ 214*)—DEMURRER—ADMISSIONS BY DEMURRER.
    An allegation in a complaint that a promise alleged therein was made for a valuable consideration must be assumed to be true on demurrer.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. CONTRACTS (§ 187*)—ACTIONS—CONTRACTS FOR BENEFIT OF THIRD PERSON.
    Plaintiff's father and H., joint owners of a fund subject to the right of a third party to the income for life, agreed in writing that after the death of the life tenant the income should be paid to plaintiff during his life.   After the life tenant's death, plaintiff's father having previously died, H. and his executrix caused such income to be paid to plaintiff's guardian until after H.'s estate had been settled and the executor discharged, when the former executrix, as residuary legatee, took possession of the fund and refused to pay the income to plaintiff.   Held, that the contract to pay the income to plaintiff was made for his benefit, and was enforceable by him against the residuary legatee.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

4. EXECUTORS AND ADMINISTRATORS (§ 315*)—DECREE OF DISTRIBUTION—CONCLUSIVENESS.
    The decree of the Surrogate Court settling the account of the executrix, which directed that all assets and property belonging to the estate should be delivered to the residuary legatee, did not bar plaintiff's claim to the income, since the fund was a trust fund and the trust had never been repudiated by H. and his executrix, and the property of the estate therein was simply the right to the principal after the expiration of the trust.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1298–1314; Dec. Dig. § 315.*]

5. CONTRACTS (§ 330*)—ACTIONS FOR BREACH—NECESSARY PARTIES.
    The executrix or personal representatives of H. or the former depositary of such fund were not necessary parties to an action by plaintiff against the residuary legatee to enforce such agreement; the agreement not having charged any duties as to the fund upon them, and the fund being in the sole possession of such legatee.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589, 1591–1594, 1596, 1597, 1602–1604; Dec. Dig. § 330.*]

Action by William H. Harbeck against Kate A. Harbeck.   On demurrer to the amended complaint.   Demurrer overruled.

Frank Comesky, of Nyack (Alfred S. Brown, of New York City, of counsel), for plaintiff.

Frederick N. Watriss, of New York City (Hugh M. Hewson, of New York City, of counsel), for defendant.

TOMPKINS, J. The defendant demurs to the amended complaint upon the grounds: (1) That the amended complaint does not state facts sufficient to constitute a cause of action. (2) That there is a defect of parties defendant, in that the personal representatives of the estate of John Henry Harbeck, deceased, who are necessary parties, are not made parties defendant. (3) That there is a defect of parties defendant, in that the executrix of the estate of John Henry Harbeck, deceased, a necessary party, is not made a party defendant. (4) That there is a defect of parties defendant, in that the United States Trust Company, of New York, a necessary party, is not made a defendant.

The amended complaint seems to me to state a cause of action. Summarizing the complaint, it alleges that on June 16, 1894, Henry Harbeck and John Henry Harbeck were holding a fund of $10,000, and paying the income therefrom to Daniel Barker, Jr., during his lifetime, as required by the will of Elvira Harbeck, which had given each of them a half interest in said fund, subject to Barker's life interest, which ownership in common they had, by contract, changed to a joint ownership; that Henry Harbeck was the father of the plaintiff, who was then an infant; that on the said 16th day of June, 1894, for valuable considerations passing between them, the said Henry Harbeck and John Henry Harbeck, in writing, agreed that from and after the death of Barker the income from the said fund should be paid to the plaintiff, during the plaintiff's life; that Henry Harbeck died on January 1, 1904; that Barker died in August, 1908; that on January 10, 1909, John Henry Harbeck, in writing, ordered the depository of the fund to pay, until further notice from him, the income accrued and to accrue upon said fund, after Barker's death, to the plaintiff's guardian, the plaintiff still being under 21 years of age; that the plaintiff has received all such income, except that which accrued on January 1, 1914; that John Henry Harbeck died on November 8, 1910, leaving a will which has been probated; that its executor has accounted and been discharged; that the defendant, in May, 1914, as residuary legatee under John Henry Harbeck's will, took possession of the said fund, and has refused to pay over the income therefrom, which accrued on January 1, 1914, and refuses to pay over to the plaintiff the income that may hereafter accrue; that the fund is now invested in ten first mortgage 5 per cent. bonds of the Texas & Pacific Railroad Company.

[1, 2] This, briefly stated, is the substance of the plaintiff's amended complaint. It is true that the plaintiff was not a party to the contract of June 16, 1894, but at that time he was an infant, the son of Henry Harbeck, and the contract was made for his benefit, and pursuant to that contract John Henry Harbeck and his executrix have paid to the plaintiff all income from the fund that has accrued since Barker's death, which occurred six years ago, except that which has accrued since the executrix was discharged from her trust in March, 1914. There was a good consideration for the promise of John Henry Harbeck to pay the income that should accrue after Barker's death to the plaintiff in the promise of Henry Harbeck to do likewise; and, besides that, a valuable consideration is alleged in the complaint, and for the purpose of this demurrer that must be assumed to be true.

[3] This case is distinguishable from the cases cited by the defendant, because in this case the plaintiff was the infant son of one of the parties to the mutual agreement, and the other party to the promise, as well as the executrix, kept the agreement by actually paying the income of the fund over to the plaintiff, and making the first payments while the plaintiff was still an infant. These facts, I think, entitle the plaintiff to enforce the contract against the defendant, who is John Henry Harbeck's residuary legatee. Todd v. Weber, 95 N. Y. 181, 47 Am. Rep. 20; Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454; Murphy v. Whitney, 140 N. Y. 541, 35 N. E. 930, 24 L. R. A. 123; Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14; Locke v. Farmers' Loan & Trust Co., 140 N. Y. 135, 35 N. E. 578.

[4] The plaintiff's claim is not barred by the decree of the New York County Surrogate's Court settling the account of the executrix of John Henry Harbeck, and directing that all "assets and property whatsoever belonging to the estate of John Henry Harbeck be delivered to the defendant." The fund was in effect a trust fund, and the trust never having been repudiated by John Henry Harbeck, or his executrix, but having, on the contrary, been fully performed by them, the property of the estate of John Henry Harbeck in the fund was simply the right to the principal thereof after the expiration of the trust—i. e., after the death of the plaintiff; and, besides, it is to be borne in mind that the executrix of that estate was the defendant in this action, who as an individual now makes a claim which is inconsistent with her own acts as such executrix, and the acts of her testator, in paying the income to the plaintiff prior to June, 1914.

[5] The claims that there is a defect of parties defendant, in that (a) personal representatives of John Henry Harbeck are not made defendants; (b) the executrix of the estate is not made a defendant; and (c) the United States Trust Company, the former depositary of the fund, is not made a defendant, are without merit. The agreement of June 16. 1894, did not charge any duties as to the fund upon any of these persons, and the fund is now in the sole possession of the defendant.

The demurrer will be overruled, with leave to the defendant to answer within 20 days, upon payment of costs.